UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. MALONEY,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY, AND DOES 1 TO 5,<br><br>Defendants. | No.  2:20-cv-2523-MCE-KJN PS<br><br>ORDER GRANTING IFP STATUS; FINDINGS AND RECOMMENDATION TO DENY MOTION TO REMAND<br><br>(ECF Nos. 11, 12.) |

Defendant Allstate Indemnity Company removed this action to this court and paid the associated filling fee.  (See ECF No. 1.)  Plaintiff Christopher Maloney seeks to remand back to the Superior Court, arguing the court lacks subject matter jurisdiction; defendant opposes remand.[1]  (ECF Nos. 12, 13.)  Plaintiff also requests to proceed in forma pauperis, requests for a status update, and requests counsel be appointed.  (ECF Nos. 11, 17, 18.)

Plaintiff's IFP application makes the showing required by 28 U.S.C. Section 1915(a)(1) and (2).  Accordingly, plaintiff's request for leave to proceed in forma pauperis is granted. Plaintiff's motion to appoint counsel is denied, and the court provides a status update below.

For the reasons below, the court recommends plaintiff's motion to remand be denied.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L. R. 302(c)(21) and 28 U.S.C. § 636(b)(1).  Motions to remand are raise dispositive issues, and so the court submits its analysis as findings and recommendations for the district court's review.  See Flam v. Flam, 788 F.3d 1043, 1047 (9th Cir. 2015).

1

**BACKGROUND**

Plaintiff originally filed this action in the Superior Court of California for the County of Solano, seeking damages against his insurer for failure to pay on a claim plaintiff submitted after someone allegedly stole his property. (ECF No. 1, Ex. A.) Plaintiff seeks $163,385.52 in damages. (Id.) Defendant Allstate Indemnity Company timely removed pursuant to 28 U.S.C. Section 1441, asserting that all parties are citizens of different states and the amount in controversy exceeds $75,000. (ECF No. 1.) Thus, defendant contends this court has diversity jurisdiction. 28 U.S.C. § 1332.

Plaintiff filed the instant motion to remand disputing this courts subject matter jurisdiction, and requested IFP status alongside his motion. (ECF Nos. 11, 12.) Liberally construed, plaintiff contends Allstate Indemnity Company is a citizen of California and that his amended complaint named another defendant: John Mraz, a California resident; thus, there is no complete diversity. (ECF No. 12.) Plaintiff also argues defendant failed to demonstrate that an entity named "Allstate California" was fraudulently joined. (Id. at 4-9.) Defendant opposed, arguing plaintiff's motion to remand was untimely, demonstrating Allstate Indemnity Co. has always been a citizen of Illinois, and noting neither John Mraz nor "Allstate California" are named as defendants. (ECF No. 13.)

**DISCUSSION**

**I.   Removal and Remand**

Under the removal statute, a defendant may remove a case to federal court if the plaintiff could have initially filed the action in federal court. 28 U.S.C. § 1441(a); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). However, federal courts are courts of limited jurisdiction, and so the statute is strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Filing a motion to remand is the proper way to challenge removal. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000, and the parties must be citizens of difference states." Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017); 28 U.S.C. § 1332(a).

Initially, the undersigned briefly addresses defendant's argument that plaintiff's motion to remand was not timely filed. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, as defendant notes, plaintiff filed his motion to remand outside of the 30-day window. (ECF No. 13.) However, Section 1447(c) excludes from this 30-day window motions for remand on the grounds that the court lacks subject matter jurisdiction. Because plaintiff argues lack of subject matter jurisdiction, defendant's untimeliness argument is rejected.

However, the court agrees with defendant that the court has subject matter jurisdiction based upon diversity jurisdiction under 28 U.S.C. Section 1332. (ECF Nos. 1, 13.) According to plaintiff's affidavit and briefing, he is a citizen of California. (ECF Nos. 1, Ex. A; 12.) Allstate Indemnity Company's state of incorporation and principal place of business is Illinois. (ECF 14, decl. Duffy.) This makes Allstate Indemnity Co. an Illinois citizen. Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997) ("For purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)). Therefore, there is complete diversity. Further, it is undisputed that plaintiff's monetary demand is over the $75,000 amount required for purposes of diversity jurisdiction. (ECF Nos. 1, Ex. A; 13.)

Plaintiff contends John Mraz and "Allstate California" were joined as defendants, and both are allegedly California citizens.[2] (ECF No. 12.) However, the face of the operative

---

[2] Plaintiff has no support that an entity named "Allstate California" actually exists, and it appears he is simply referring to the office where he obtained his policy. Further. Mr. Mraz appears to be the agent who sold plaintiff his policy. To the extent that plaintiff would seek to amend his complaint to add Mr. Mraz or "Allstate California," this attempt would be futile, as the face of the policy on which plaintiff raises his claim names Allstate Indemnity Co. as the insurer. See Minnesota Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 981 (9th Cir. 1999) (applying California law in holding that insurance agents or brokers cannot be held liable for breach of contract or breach of any implied covenant because they are not parties to the contract); Gantman v. United Pac. Ins. Co, 232 Cal. App. 3d 1560, 1566 (1991) (only parties to the contract may enforce it). Finally, the court rejects plaintiff's argument regarding fraudulent joinder as frivolous, as nowhere in the briefing has defendant argued that "Allstate California" was fraudulently joined.

1    complaint indicates there is only one defendant: Allstate Indemnity Company.  (ECF No. 1, Ex.
2    A.)  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on
3    the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and
4    all named defendants, and no defendant is a citizen of the forum State.  It is not incumbent on the
5    named defendants to negate the existence of a potential defendant whose presence in the action
6    would destroy diversity.").  Further, plaintiff contends Allstate Indemnity Company is a citizen of
7    California, arguing "Allstate enjoys significant financial benefits of doing business in California.
8    It's a nationwide enterprise that should be held to the higher California standard, when it has its
9    dealings with California [c]laimants injured by its insureds."  (ECF No. 12, at 1-2.)  Plaintiff
10   appears to claim that defendant should be deemed a citizen of California due to its business
11   activities in California.  However, the mere fact that defendant conducts or solicits business in
12   California does not make it a citizen of California.  Montrose, 117 F.3d at 1134.
13        Because both requirements of Section 1332 have been met, subject matter jurisdiction
14   exists.  Therefore, the undersigned recommends plaintiff's motion to remand to be denied.
15        **II.    Appointment of Counsel**
16        It is "well-established that there is generally no constitutional right to counsel in civil
17   cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Furthermore, there are no
18   exceptional circumstances warranting the appointment of counsel in this case.  Although the court
19   is sympathetic to the difficulties faced by pro se litigants in litigating their own cases in federal
20   court, the court has extremely limited resources to appoint attorneys in civil cases.  Here,
21   plaintiff's claim is not unusually complex and can be reasonably prosecuted by a pro se plaintiff.
22   The case is currently proceeding into the discovery phase, and all plaintiff need do at this time is
23   confer with defense counsel over discovery deadlines.  The parties can agree on deadlines that
24   will provide ample time for plaintiff to research any legal issues and review discovery documents.
25   As such, plaintiff's motion for appointment of counsel is DENIED.
26        **III.   Status Update**
27        In late February, plaintiff requested a status update regarding his case.  Aside from these
28   pending findings and recommendations on plaintiff's motion to remand, the only current deadline

is the May 13, 2021 date for the parties to file a joint status report. Once the court receives this status report from the parties, a scheduling order will be entered and the case will proceed to the discovery phase. Given plaintiff's incarceration and the court's order that the parties need not meet in person to confer over this status report, the court urges the parties to begin discussing the items outlined in paragraph 5 of the initial scheduling order. A copy of this order (ECF No. 2), and of the January 2021 order setting the current deadlines (ECF No. 10) will be sent to plaintiff.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) is GRANTED.
2. Plaintiff's motion to appoint counsel (ECF No. 18) is DENIED; and
3. Pursuant to plaintiff's request, the Clerk of the Court is directed to send the initial scheduling order (ECF No. 2) and January 27 order (ECF No. 10) to plaintiff alongside this order/F&R.

**RECOMMENDATION**

It is further RECOMMENDED that plaintiff's motion to remand this case (ECF No. 12) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

Dated: March 18, 2021

malo.2523

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE